UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THOMAS CARABALLO

                     Plaintiff

        -against-

THE CITY OF NEW YORK,
DETECTIVE KAISER SURRIGA, TAX REG 946303
DETECTIVE WAYNE COSTELLO, TAX REG # 950244,
DETECTIVE ROBERT DIFALCO, TAX REG# 952684,
AND OTHER UNIDENTIFIED NEW YORK
CITY POLICE OFFICERS, JOHN AND JANE DOES
                     Defendants
---------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demand

Plaintiff, THOMAS CARABALLO, by his attorney Edward Zaloba, Esq., complaining of the defendants, respectfully alleges as follows:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 USC §1983 and 42 USC §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of The United States and The State New York.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §1983, §1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §1331, §1343 and 1367.

## **VENUE**

4. Venue is properly laid in the Eastern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

5. Plaintiff respectfully demands a trial by Jury of all issues in this matter pursuant to

Fed R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff, THOMAS CARABALLO, a citizen of the United States, and at all relevant times, is a resident of the City and State of New York.

7.     Defendant, The City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, The City of New York maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants, Detectives Surriga, Costello, Difalco, and other unidentified New York City Police Officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties and under the color of state law.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendant and other unidentified New York City police officers alleged herein were done by said defendant while acting within the scope of and in furtherance of their employment by defendant The City of New York.

12.    All defendant officers are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

13. On or about January 23, 2019, at approximately 5:40 p.m. and thereafter in the vicinity in front of 80-11 Myrtle Avenue, Queens County, the defendant was sitting in his car when an undercover believed to be defendant Surriga, approached from the passenger side, thereafter an undercover officer believed to be Costello, approached from the driver's side pointing a gun at the plaintiff.

14. Defendant kept the gun drawn on the plaintiff and requested motor vehicle identification materials.

15. The plaintiff informed the officer that those materials are in the glove compartment but I'm not reaching for it because I'm scared.

16. The plaintiff had not committed a crime.

17. The undercover detectives had not witnessed plaintiff commit a crime.

18. After a few moments the officer no longer pointed the gun at plaintiff but continued to keep it out.

19. The plaintiff requested a supervisor be brought to the scene and would not move.

20. The two defendants broke the front and passenger windows on the plaintiff's vehicle with the folding batons or clubs.

21. The plaintiff was violently pulled through his window and slammed to the ground on the front of his body by defendants Costello and another officer believed to be defendant DiFalco.

22. Thereafter, while plaintiff was lying flat on the pavement head facing down, the two defendants battered the plaintiff on his all about his back area and the rear of his legs with the same club device.

23. The defendants placed a knee on plaintiff's neck and rear and cuffed him.

24. Thereafter defendants violently yanked him up to his feet and thereafter forcefully caused plaintiff to be turned in a different direction while continuing to manhandle plaintiff.

25. That the defendant's use of force was neither reasonable nor justified under the circumstances.

26. That the defendants' use of force was excessive and without legal justification, without authority of law and without reasonable necessity to use such force.

27. That the plaintiff was arrested without probable cause.

28. That the defendant subjected plaintiff to unlawful search of both his person as well as his vehicle and unlawful seizure of said vehicle.

29. That each defendant herein and other unidentified officers failed to intervene and prevent violations of plaintiff's civil rights form occurring.

30. Thereafter, plaintiff was caused to be unlawfully detained, and brought before the Criminal Court of Queens County to be arraigned.

31. Defendant officers, in effort to conceal their unlawful arrest of plaintiff and their battery and use of excessive force on plaintiff, conspired and caused false charges to be lodged against plaintiff.

32. The plaintiff was falsely arrested and charged with the crimes of obstruction of governmental administration, resisting arrest, criminal possession of controlled substance, parking within 15 feet of a fire hydrant, and window tint violation.

33. The defendant officers continued their conspiracy by preparing false documents and reports to be presented to both the Court as well as the Queens District Attorney's office.

34. The plaintiff was maliciously prosecuted for approximately two (2) years.

35. All charges were dismissed and sealed on December 8, 2020.

36. That plaintiff was caused to be unlawfully imprisoned for approximately 1 day.

37. The plaintiff was wholly innocent of all charges.

38. As a result of defendant's use of excessive force and battery the plaintiff suffered injury to his knee requiring surgery and injury to his back. In addition, plaintiff suffered emotional and psychological injuries.

39. As a result of the defendants' use of excessive force, unlawful imprisonment, and violations of plaintiff's civil rights, the plaintiff was caused to suffer irreparable harm, loss of liberty, physical injury, humiliation injury and other injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## CONSTITUTIONAL VIOLATION PURSUANT TO §1983

40. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

41. The conduct and actions of Defendants Officers and other unidentified police officers, under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to false charges, unlawful imprisonment against plaintiff's will and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

   (a) Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

   (b) Plaintiff was deprived of his Fourth Amendment constitutional right to be free from unreasonable seizures of his person;

   (c) Plaintiff was deprived of his Fourth Amendment right to be free from the use of excessive or unreasonable force;

   (d) Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

   (e) Plaintiff was deprived of his Fourth Amendment right to be free from unlawful searches of his person and vehicle;

(f) Plaintiff was deprived of his Fourteenth Amendment right to property without due process of law.

42. As a result of the defendants' conduct, plaintiff, was deprived of liberty, sustained emotional injury including mental suffering, humiliation, embarrassment, and plaintiff was physically injured and plaintiff was otherwise harmed, damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
### (False Arrest -Unlawful Seizure under the 4th Amendment)

43. Plaintiff repeats, reiterate and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

44. There was no probable cause for the arrest and unlawful seizure of the plaintiff as well as the continued incarceration of plaintiff.

45. As such these defendants' actions resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

46. As a result of the aforementioned conduct of defendants, plaintiff's constitutional rights to be free from unreasonable seizure were violated and they sustained physical, economic and emotional injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## FALSE IMPRISONMENT
### (False Imprisonment -Unlawful Imprisonment/Confinement under the 4th Amendment)

47. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

48. As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

49. That the defendants intended to confine Plaintiff.

50. Plaintiff was conscious of said confinement and did not consent to same.

51. The confinement of plaintiff was without probable cause and was not otherwise

privileged.

52. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. §1983 AND THE USE
## OF EXCESSIVE AND UNREASONABLE FORCE

53. Plaintiff repeats, reiterates and incorporate by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

54. That the plaintiff's rights have been violated under the Fourth and Eighth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force by defendants, who intentionally, recklessly assaulted and battered plaintiff.

55. That the said assault and battery of the plaintiff's was effected by defendants and other unidentified defendant officers without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

56. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's rights to be free from the use of excessive and unreasonable force.

57. That all the defendants who witnessed the use of excessive force against the plaintiff and who had a reasonable opportunity to intervene and prevent him being injured and who failed to do so are liable to the plaintiff via their failure to exercise their affirmative duty to

intervene.

58. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring him to received medical attention and he was subjected to physical pain, humiliation, embarrassment, anxiety, closed confinement, loss of liberty, unnecessary and unwarranted medical care and expenses for medical care and that plaintiff was otherwise harmed.

### AS FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

59. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

60. The Defendant officers, issued legal process to place plaintiff under arrest and charged the plaintiff to cover up their wrongful battery of plaintiff, intentional damage to plaintiff's vehicle and other violations of constitutional rights to conceal their unlawful conduct towards plaintiff.

61. The Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

62. The Defendant officers acted with intent to do harm to plaintiff without excuse or justification.

63. The Defendant officers' conduct could cause the defendants not only severe disciplinary consequences but also the loss of employment.

64. As a result of defendants' conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation, economic loss and was otherwise harmed damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 USC §1983 AND THE FOURTH AMENDMENT VIA
## MALICIOUS PROSECTUION

65. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

66. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment by the defendant.

67. That said malicious prosecution was initiated by the defendants and their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiffs' rights. The malicious prosecution ceased when the matter was dismissed and sealed on December 8, 2020.

68. That defendant officers and other unidentified officers swore falsely as to the alleged criminal actions attributed to plaintiffs and caused their malicious prosecution to be commenced and continued.

69. That the defendants mentioned herein and other unidentified officers misrepresented and falsified evidence before the District Attorney.

70. That the defendants did not make a complete and accurate statement of facts to the prosecutor.

71. That defendants withheld exculpatory evidence from the District Attorney.

72. That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

73. That the defendants acted with malice to initiate criminal proceedings against the plaintiff.

74. That the defendants were directly and actively involved in the construction of the criminal proceeding against the plaintiff.

75. Notwithstanding the prejudice and fraudulent conduct of the defendants, the criminal proceeding was terminated in plaintiff's favor and all charges against him were dismissed.

76. That the plaintiff was wholly innocent of all charges.

77. That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff is liable to the plaintiff via his failure to exercise his affirmative duty to intervene.

78. That by reason of the unlawful prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, remain near or in the jurisdiction, and he was subjected to numerous other harms.

79. That as a result of the above conduct, the defendants' malicious prosecution caused plaintiff's his loss of liberty and other emotional injuries and that the plaintiff was otherwise harmed and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF: FAILURE TO INTERVENE UNDER 42 U.S.C. 1983

80. Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

81. Each and every individual defendant officer who observed the unlawful conduct and had an opportunity to intervene violated Plaintiff's rights under 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments by failing to uphold their duty to intervene and prevent such conduct.

82. The individual defendant officers failed to intervene on plaintiff's behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

83. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to use of excessive force, battery and

other violations of his constitutional rights.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process Fair Trial)

84. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

85. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendments.

86. These actions by Defendants deprived the substantive and procedural due process afforded to the plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendment.

87. As a result of the foregoing, plaintiff was deprived of his substantive rights to life, liberty and property under the Due Process Clause causing him economic and severe and permanent emotional and physical injuries.

## AS AND FOR A NINTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

88. Plaintiff repeats, reiterates and incorporates the foregoing paragraphs as if fully set forth herein.

89. Defendants fabricated evidence and testimony that plaintiff had engaged in a criminal activity.

90. Defendants had no legal or factual basis for the outrageous allegations against plaintiff.

91. Defendants falsified police paperwork, affidavits, other case intake and prosecution initiation sheets to arrest plaintiff.

92. Defendants' actions denied plaintiff the right to a fair hearing and trial.

**WHEREFORE**, the plaintiff demands the following relief jointly and severally against all of the defendants:

A. Compensatory in the amount of $2,000,000.00 and Punitive damages as awarded by a jury;

B. Costs, fees and expenses;

C. The convening and empaneling of a jury to consider the merits of the claims herein;

D. Costs and interest and attorney's fees;

E. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:   Queens, New York            Yours, etc.,
         January 19, 2021

*[signature]*
EDWARD ZALOBA, Esq.
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000