UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

THOMAS CARABALLO,

                                        Plaintiff,

        -against-

CITY OF NEW YORK, DETECTIVE KAISER
SURRIGA, DETECTIVE WAYNE COSTELLO, AND
DETECTIVE ROBERT DIFALCO,

                                        Defendants.

------------------------------------------------------------------------x

**DECLARATION OF GREGORY ACCARINO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**21-CV-285 (ARR) (VMS)**

        **GREGORY ACCARINO,** an attorney duly admitted to practice in the State of New York and in this Court, declares, pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

        1.      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants City of New York, Kaisser Surriga, Wayne Costello, and Robert DiFalco ("defendants"). As such, I am familiar with the facts stated below. I submit this declaration in support of Defendants' Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

        2.      Annexed hereto as **"Exhibit A"** is a copy of excerpts of the transcript of plaintiff's deposition, taken on May 9, 2022, which demonstrates, *inter alia*, that plaintiff was parked in front of a fire hydrant for forty minutes, in a vehicle with excessive tints, refused to provide his license, insurance, and registration to NYPD Officers, refused to open his vehicle's door for over fifteen minutes, Defendant Surriga broke plaintiff's front passenger side window and unlocked the vehicle's doors, Defendant Costello opened the front driver's side door and Defendants Costello and DiFalco removed plaintiff from the vehicle through the driver's side door,

and that plaintiff was arraigned before a judge and released on his own recognizance with no bail set.

3.    Annexed hereto as "**Exhibit B**" are copies of photographs of the tint meter reading, and produced to plaintiff as Bates No. DEF047-DEF048, which demonstrates, *inter alia*, that plaintiff's vehicle had window tints with a reading of "69%."

4.    Annexed hereto as **"Exhibit C"** is NYPD Arrest Report Q19603100 for plaintiff, dated January 23, 2019, and produced to plaintiff as Bates No. DEF001-DEF003, which demonstrates, *inter alia*, that Plaintiff was arrested on January 23, 2019.

5.    Annexed hereto as **"Exhibit D"** is NYPD Property Voucher Invoice No. 4000638757, dated January 23, 2019, and produced to plaintiff as Bates No. DEF008-DEF009, which demonstrates, *inter alia*, that Detective Surriga recovered a rock appearing to be crack cocaine from plaintiff's vehicle.

6.    Annexed hereto as **"Exhibit E"** is a copy of excerpts of the transcript of Detective Kaisser Surriga's deposition, taken on March 3, 2022, which demonstrates, *inter alia*, that powder appearing to be crack cocaine was recovered from the floorboard of plaintiff's vehicle pursuant to an inventory search, as well as a razor blade with what appeared to be cocaine residue and drug paraphernalia including fifty-five (55) rubber bands and a vacuum sealed bag.

7.    Annexed hereto as **"Exhibit F"** is a copy of the Queens County Criminal Court Complaint charging Plaintiff, dated January 24, 2019, and produced to plaintiff as Bates No. DEF014-DEF016, which demonstrates, *inter alia*, that plaintiff was charged with one count of obstructing governmental administration in the second degree, a misdemeanor, one count of resisting arrest, a misdemeanor, one count of criminal possession of a controlled substance in the seventh degree, a misdemeanor, one count of parking within fifteen (15) feet of a fire hydrant, a traffic violation, and one count of equipment of motor vehicle and motorcycles violation, excessive

tints, a traffic violation, and that Detective Surriga conducted a field test on the rocks appearing to be crack cocaine, which resulted in a positive test for cocaine.

8. Annexed hereto as **"Exhibit G"** is a copy of the Queens County Criminal Court Certificate of Disposition, and produced by plaintiff, which demonstrates, *inter alia*, that plaintiff was arraigned on January 24, 2019, plaintiff's charges for criminal possession of a controlled substance in the seventh degree and parking within fifteen (15) feet of a fire hydrant were dismissed on May 3, 2019, and plaintiff's charges for obstructing governmental administration in the second degree, resisting arrest, and excessive tints were dismissed on December 8, 2020.

9. Annexed hereto as **"Exhibit H"** is a copy of the Queens County Criminal Court Complaint charging Plaintiff, dated April 5, 2019, and produced to plaintiff as Bates No. DEF211-DEF213, which demonstrates, *inter alia*, that Detective Surriga conducted a field test on the rocks appearing to be crack cocaine, which resulted in a positive test for cocaine.

10. Annexed hereto as **"Exhibit I"** is a copy of the Supporting Deposition Detective Kaisser Surriga signed, dated April 12, 2019, after reviewing the Queens County Criminal Court Complaint charging Plaintiff, dated April 5, 2019, produced to plaintiff as Bates No. DEF214, which demonstrates, *inter alia*, that Detective Surriga confirmed that he conducted a field test on the rocks appearing to be crack cocaine, which resulted in a positive test for cocaine.

Dated:      New York, New York
            October 2, 2023

                              HON. SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street

3

New York, New York 10007
(212) 356-1945


By:     /s/ Gregory Accarino

Gregory Accarino
*Senior Counsel*
Special Federal Litigation Division


**CC:**   **BY MAIL AND EMAIL**
Jason Lesnevec
*Attorney For Plaintiff*
Michael S. Lamsonsoff, PLLC
32 Old Slip
New York, New York 10005
jlesnevec@msllegal.com

4