# EXHIBIT F



AFFI|876622|872078

Q19603100

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

---

THE PEOPLE OF THE STATE OF NEW YORK |          STATE OF NEW YORK
                                      |          COUNTY OF QUEENS
                  V.                  |
                                      |
    THOMAS CARABALLO (50Y)            |
        08096742Z                     |
                          DEFENDANT   |
                                      |

---

DETECTIVE ROBERT DIFALCO OF NARCOTICS BOROUGH QUEENS, TAX REG#: 952684,
BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JANUARY 23 2019
BETWEEN 5:40PM AND 6:00PM, IN FRONT OF 80-11 MYRTLE AVENUE, COUNTY OF
QUEENS, STATE OF NEW YORK, THE DEFENDANT COMMITTED THE OFFENSES OF:

PL 195.05 [AM] OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND
        DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
PL 205.30 [AM] RESISTING ARREST - (DNA SAMPLE REQUIRED UPON
        CONVICTION)
PL 220.03 (9/18/11) [AM] CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE
        IN THE SEVENTH DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
VTL 1202-3B [V] PARK WITHIN 15 FEET OF FIRE HYDRANT
VTL 375-12-A (B)(1)   (WINDOW TINT) [V] EQUIPMENT OF MOTOR VEHICLES
        AND MOTORCYCLES

---

PL 195.05 [AM] OBSTRUCTING GOVERNMENTAL ADMINISTRATION IN THE SECOND
DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
        --- A PERSON IS GUILTY OF OBSTRUCTING GOVERNMENTAL ADMINISTRATION
        WHEN HE INTENTIONALLY OBSTRUCTS, IMPAIRS, OR PERVERTS THE
        ADMINISTRATION OF LAW OR OTHER GOVERNMENTAL FUNCTION OR PREVENTS
        OR ATTEMPTS TO PREVENT A PUBLIC SERVANT FROM PERFORMING AN
        OFFICIAL FUNCTION, BY MEANS OF INTIMIDATION, PHYSICAL FORCE OR
        INTERFERENCE, OR BY MEANS OF ANY INDEPENDENTLY UNLAWFUL ACT, OR
        BY MEANS OF INTERFERING, WHETHER OR NOT PHYSICAL FORCE IS
        INVOLVED, WITH RADIO, TELEPHONE, TELEVISION OR OTHER
        TELECOMMUNICATIONS SYSTEMS OWNED OR OPERATED BY THE STATE, OR A
        COUNTY, CITY, TOWN, VILLAGE, FIRE DISTRICT OR EMERGENCY MEDICAL
        SERVICE OR BY MEANS OF RELEASING A DANGEROUS ANIMAL UNDER
        CIRCUMSTANCES EVINCING THE ACTOR'S INTENT THAT THE ANIMAL
        OBSTRUCT GOVERMENTAL ADMINISTRATION.;

PL 205.30 [AM] RESISTING ARREST - (DNA SAMPLE REQUIRED UPON CONVICTION)
        --- INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER
        OR A PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF
        OR ANOTHER PERSON;

**DEF014**

AFFI|876622|872078

CARABALLO,THOMAS  Q19603100

PL 220.03 (9/18/11) [AM] CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE SEVENTH DEGREE - (DNA SAMPLE REQUIRED UPON CONVICTION)
    --- KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE;;

VTL 1202-3B [V] PARK WITHIN 15 FEET OF FIRE HYDRANT
    --- NO PERSON SHALL STOP, STAND, OR PARK A VEHICLE WITHIN FIFTEEN FEET OF A FIRE HYDRANT EXCEPT WHEN SUCH VEHICLE IS ATTENDED BY A LICENSED OPERATOR OF CHAUFFEUR WHO IS SEATED IN THE FRONT SEAT AND WHO CAN IMMEDIATELY MOVE SUCH VEHICLE IN CASE OF AN EMERGENCY;

VTL 375-12-A (B)(1)    (WINDOW TINT) [V] EQUIPMENT OF MOTOR VEHICLES AND MOTORCYCLES
    --- OPERATE A MOTOR VEHICLE UNPON ANY PUBLIC HIGHWAY, ROAD OR STREET (1)  AND THE FRONT WINDSHIELD OF WHICH WAS COMPOSED OF, COVRERED BY OR TREATED WITH ANY MATERIAL WHICH HAS A LIGHT TRANSMITTANCE OF LESS THAN SEVENTY PERCENT UNLESS SUCH MATERIALS ARE LIMITED TO THE UPPERMOST SIX INCHES OF THE WINDSHIELD OR (2) THE SIDEWINGS OR SIDE WINDOWS OF WHICH ON EITHER SIDE FORWARD OF OR ADJACENT TO THE OPERATOR'S SEAT ARE COMPOSED OF, COVERED BY OR TREATED WITH ANY MATERIAL WHICH HAS A LIGHT TRANSMITTANCE OF LESS THAN SEVENTY PERCENT OR (3) IF IT IS CLASSIFIED AS A STATION WAGON , SEDAN, HARDTOP, COUPE, HATCHBACK OR CONVERTIBLE AND ANY REAR SIDE WINDOW HAS A LIGHT TRANSMITTANCE OF LESS THAN SEVENTY PERCENT OR (4) THE REAR WINDOW OF WHICH IS COMPOSED OF, COVERED BY OR TREATED WITH ANY MATERIAL WHICH HAS A LIGHT TRANSMITTANCE OF LESS THAN SEVENTY PERCENT (A REAR WINDOW MAY HAVE A LIGHT TRANSMITTANCE OF LESS THAN SEVENTY PERCENT  IF THE VEHICLE IS EQUIPPED WITH SIDE MIRRORS ON BOTH SIDES OF THE VEHICLE SO ADJUSTED THAT THE DRIVER THEREOF SHALL HAVE A CLEAR AND FULL VIEW OF THE ROAD AND CONDITION OF TRAFFIC BEHIND SUCH VEHICLE).


THE ABOVE OFFENSES WERE COMMITTED AS FOLLOWS:

DEPONENT STATES HE IS INFORMED BY DETECTIVE KAISSER SURRIGA, TAX REG #946303, THAT ON THE ABOVE MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE, HE OBSERVED THE DEFENDANT, THOMAS CARABALLO, SITTING IN THE DRIVER'S SEAT OF A 2003 HONDA SUV, WHICH WAS PARKED IN FRONT OF A FIRE HYDRANT, WITH THE KEYS IN THE IGNITION AND ENGINE RUNNING.

DEPONENT STATES HE IS FURTHER INFORMED BY DETECTIVE SURRIGA THAT AN EXAMINATION OF THE FRONT WINDOW WITH A TINT METER SHOWED THAT SAID WINDOW HAD A LIGHT TRANSMITTANCE OF ONLY 69%, WHICH IS BELOW THE LEGAL LIMIT OF 70%.

DEPONENT IS FURTHER INFORMED BY DETECTIVE SURRIGA THAT WHEN HE ASKED FOR THE DEFENDANT'S LICENSE, REGISTRATION, AND INSURANCE, THE DEFENDANT REFUSED TO HAND THEM OVER AND STATED, IN SUM AND SUBSTANCE, "I AM TOO NERVOUS TO REACH FOR MY WALLET IN THE GLOVE BOX, I DON'T WANT TO GET SHOT.  I'M NOT REACHING, I KNOW HOW YOU COPS ARE TODAY".

DEPONENT IS FURTHER INFORMED BY DETECTIVE SURRIGA THAT THE DEFENDANT

**DEF015**



AFFI|876622|872078

**CARABALLO,THOMAS   Q19603100**
THEN LOCKED THE ABOVE MENTIONED VEHICLE AND ROLLED HIS WINDOWS UP.

DEPONENT IS FURTHER INFORMED BY DETECTIVE SURRIGA THAT HE ASKED THE DEFENDANT TO STEP OUT OF THE VEHICLE SEVERAL TIMES, AND THE DEFENDANT REFUSED.

DEPONENT IS FURTHER INFORMED BY DETECTIVE SURRIGA THAT THE DEFENDANT REFUSED TO ROLL DOWN HIS WINDOWS OR EXIT HIS VEHICLE FOR APPROXIMATELY TWENTY MINUTES.

DEPONENT STATES THAT THE DEFENDANT HAD TO BE FORCIBLY REMOVED FROM THE VEHICLE.

DEPONENT FURTHER STATES THAT WHEN OFFICERS WERE ATTEMPTING TO PLACE HANDCUFFS ON THE DEFENDANT, THE DEFENDANT TUCKED HIS HANDS UNDER HIS BODY AND REFUSED TO MOVE OFF HIS HANDS IN AN ATTEMPT TO AVOID BEING HANDCUFFED AND PLACED UNDER ARREST.

DEPONENT FURTHER STATES THAT A QUANTITY OF LOOSE CRACK COCAINE WAS RECOVERED FROM THE FLOOR BOARD OF THE ABOVE MENTIONED VEHICLE.

DEPONENT FURTHER STATES THAT 55 RUBBER BANDS WERE RECOVERED FROM THE REAR PASSENGER SEAT, AND A RAZOR BLADE WITH COCAINE RESIDUE AND A RIPPED VACUUM SEAL BAG WERE RECOVERED FROM THE CENTER CONSOLE OF THE ABOVE MENTIONED VEHICLE.

DEPONENT FURTHER STATES THAT HIS CONCLUSION THAT THE SUBSTANCE RECOVERED IS COCAINE IS BASED UPON HIS EXPERIENCE AS A POLICE OFFICER AND IN HIS TRAINING IN THE IDENTIFICATION AND PACKAGING OF CONTROLLED SUBSTANCES AND MARIJUANA.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY DETECTIVE SURRIGA THAT HE FIELD TESTED THE ABOVE MENTIONED CRACK COCAINE USING A FIELD TEST KIT AND THAT IT TESTED POSITIVE FOR COCAINE.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW

01/24/19
DATE          SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF


DATE          SIGNATURE

**DEF016**