UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS CARABALLO,

     *Plaintiff*,

-against-

DETECTIVE KAISER SURRIGA, DETECTIVE WAYNE COSTELLO, and DETECTIVE ROBERT DIFALCO,

     *Defendants*.

21-CV-285 (ARR) (VMS)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

  Defendants Detectives Kaiser Surriga, Wayne Costello, and Robert DiFalco bring this motion for partial reconsideration requesting that I grant summary judgment on plaintiff's malicious prosecution claim related to the excessively tinted windows charge. I previously denied defendants' motion for summary judgment on this claim. *See Caraballo v. City of New York*, No. 21-CV-285 (ARR), --- F. Supp. 3d ---, 2024 WL 1332609, at *22 (E.D.N.Y. 2024). For the following reasons, I grant defendants' motion for partial reconsideration.

## BACKGROUND

  Familiarity with the facts and procedural history of this case is presumed. In short, this case arises out of the arrest and prosecution of plaintiff, Thomas Caraballo, "following allegations that he committed multiple traffic violations, refused to comply with defendants' orders, and possessed illegal narcotics." *Caraballo*, 2024 WL 1332609, at *1. On January 23, 2019, Mr. Caraballo was sitting in his parked vehicle when Detective Surriga approached and asked him for his license, insurance, and registration. *See id.* After Mr. Caraballo refused to provide his license, insurance, and registration, the detectives allegedly removed him forcibly from his vehicle and battered him. *See id.*, at *1–2, *6.

Defendants arrested Mr. Caraballo, and he was charged with obstruction of governmental administration, resisting arrest, parking within fifteen feet of a fire hydrant, excessively tinted windows, and criminal possession of a controlled substance. *Id.* at *2. Plaintiff's possession of a controlled substance and parking in front of a fire hydrant charges were dismissed in May 2019, and his charges for obstructing governmental administration, resisting arrest, and excessive window tints were dismissed in December 2020. *Id.* In January 2021, Mr. Caraballo filed a § 1983 lawsuit against defendants making claims of: (1) false arrest/imprisonment; (2) malicious prosecution; (3) malicious abuse of process; (4) denial of the right to a fair trial; (5) excessive use of force; and (6) failure to intervene. *Id*. Defendants moved for summary judgment on all of Mr. Caraballo's claims, excluding the excessive use of force and failure to intervene claims related to the detectives' alleged battering of Mr. Caraballo after they removed him from his vehicle. *Id*. I denied summary judgment on several issues, including plaintiff's § 1983 malicious prosecution claim related to defendants' prosecution of plaintiff for excessively tinted windows. Defendants now request that I reconsider my decision denying summary judgment on the malicious prosecution claim related to the excessively tinted windows charge. Defs.' Mot. Reconsideration 2–3 ("Defs.' Mot."), ECF No. 57.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 governs motions for reconsideration of a non-final judgment. *Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535 (E.D.N.Y. 2015). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). A party does not satisfy the clear error standard if they merely disagree

with the court's explanation of the legal standards and application of the facts. *LM Ins. Corp. v. Safety Nat'l Cas. Corp.*, --- F. Supp. 3d ----, 2023 WL 8440864, at *1 (E.D.N.Y. Dec. 6, 2023).

To discourage parties from raising repetitive arguments on issues that the court has already considered, the reconsideration standard is strict. *LM Ins. Corp.*, 2023 WL 8440864, at *1. Accordingly, a motion for reconsideration is not an opportunity "for making new arguments that could have been previously advanced." *Associated Press v. United States Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). However, "the decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court," *D'Amico Dry D.A.C. v. Primera Maritime (Hellas) Ltd.*, 437 F. Supp. 3d 312, 314 (S.D.N.Y. 2019) (cleaned up), and district courts can "exercise discretion to consider [] waived argument[s]," *TufAmerica, Inc. v. Diamond*, No. 12-CV-3529, 2016 WL 3866578, at *2 (S.D.N.Y. July 12, 2016) (citing *Off. Comm. of Unsecured Creditors of Color Title, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 159 (2d Cir. 2003)).

## DISCUSSION

Defendants argue for the first time in their motion for reconsideration[1] that I should grant

---

[1] Contrary to defendants' assertion, *see* Defs.' Reply Mem. in Further Supp. of Mot. for Recons. 3 ("Defs.' Reply"), ECF No. 59, they did not raise the independent deprivation of liberty argument in their original motion papers. *See* Defs.' Mem. in Supp. Mot. Summ. J. 8–9 ("Defs.' S.J. Mot."), ECF No. 50 (arguing that plaintiff's malicious prosecution claim fails because "there was probable cause to arrest plaintiff," probable cause did not dissipate prior to commencement of the prosecution, and defendants did not act with malice). When defendants set forth the malicious prosecution standard in their original motion papers they cited *Coleman v. City of New York*, 688 Fed. App'x 56, 57–58 (2d Cir. 2017), for the proposition that a plaintiff must establish a deprivation of liberty to state a § 1983 malicious prosecution claim. *See* Defs.' S.J. Mot. 8. Defendants did not, however, apply the facts of their case to this legal principle; in other words, they did not argue for summary judgment on the basis of plaintiff's failure to establish an independent deprivation of liberty. *Id.* at 8–9. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner unaccompanied by some effort at developed argumentation, are deemed waived" (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)). Accordingly, I did not review the sufficiency plaintiff's malicious prosecution claim on

summary judgment on plaintiff's surviving malicious prosecution claim because:

> plaintiff is unable to satisfy his burden of proving that the traffic violation for excessively tinted windows caused plaintiff to suffer an independent deprivation of liberty separate and apart from the deprivation of liberty plaintiff suffered related to the criminal misdemeanor charge of obstruction of governmental administration in the second degree, for which the Court found there was probable cause to prosecute plaintiff.

Defs.' Mem. Supp. Mot. Reconsideration 3 ("Defs.' Mem."), ECF No. 56.  As defendants argue, a plaintiff bringing a malicious prosecution claim under § 1983 must establish a "post-arraignment deprivation of liberty that rises to the level of a constitutional seizure." *Coleman v. City of New York*, 688 Fed. App'x 56, 57–58 (2d Cir. 2017) (quotation omitted). In applying this requirement, the Second Circuit has also required that the alleged deprivation of liberty be "solely attributable" to the charge supporting the malicious prosecution claim. *Id.* at 58 (determining that the plaintiff's assault charges could not support a malicious prosecution claim because even if the assault charges did not exist, the plaintiff would have been obligated to appear in court due to other criminal charges that were supported by probable cause). "If a plaintiff is required to appear or be held on other criminal charges supported by probable cause, and of equal or greater magnitude, a claim of malicious prosecution will not stand." *Thompson v. Clark*, No. 14-CV-7349 (JBW), 2018 WL 3128975, at *5 (E.D.N.Y. June 26, 2018); *see also Othman v. City of New York*, No. 13-CV-4771 (NGG), 2018 WL 1701930, at *12, *14 (E.D.N.Y. Mar. 31, 2018) (determining that the plaintiff's § 1983 malicious prosecution claim fails because "he cannot disentangle the constitutionally permissible court appearances he made in conjunction with [various charges] from any allegedly impermissible deprivations of liberty as a result of the marijuana possession charge").

Plaintiff's malicious prosecution claim related to the excessively tinted windows charge

---

this ground. *See Caraballo*, 2024 WL 1332609, at *10 (clarifying that "[t]he only elements of the malicious prosecution claims that defendants discuss are probable cause and malice" and that, as a result, I reviewed "the sufficiency of plaintiff's claims as to those two elements only").

4

cannot be successful because plaintiff has not demonstrated that this charge caused an independent deprivation of liberty. Plaintiff's criminal court appearances were the only deprivations of liberty he suffered after his arraignment. *See Caraballo*, 2024 WL 1332609, at *17. He also has not alleged in his opposition to defendants' motion for reconsideration that he experienced any additional post-arraignment deprivations of liberty. Pl.'s Mem. in Opp'n to Mot. for Recons. ("Pl.'s Opp'n") 1–3, ECF No. 58. Even if plaintiff had not been charged with excessively tinted windows, he still would have had to appear in criminal court due to the more serious obstruction of governmental administration charge, which was supported by probable cause.[2] *See Caraballo*, 2024 WL 1332609, at *11. Plaintiff did not cite to any law or facts in the record in arguing otherwise. *See* Pl.'s Opp'n 2–3. His malicious prosecution claim therefore fails. *See Flynn-Rodriguez v. Cheng*, No. 14-CV-2287 (JBW), 2017 WL 3278889, at *3 (E.D.N.Y. Aug. 1, 2017) (dismissing plaintiff's malicious prosecution claim because the plaintiff's "resisting arrest charge was not the sole cause" of her deprivation of liberty; "the deprivation was also caused by other charges that were supported by probable cause"). Accordingly, although defendants raise this argument for the first time in their motion for reconsideration, I grant their request to grant summary judgment on this claim because plaintiff has not demonstrated that he suffered an independent deprivation of liberty due to the excessively tinted windows charge. *See Trudeau v. Bockstein*, No. 05-CV-1019, 2008 WL 541158, at *3 (N.D.N.Y. Feb. 25, 2008) (granting plaintiffs' motion for reconsideration on the basis of a new argument not previously raised partially because the new argument plaintiffs advanced had "some merit," and noting an exception to the general rule against new arguments in motions for reconsideration "where a party would suffer an

---

[2] "Obstructing governmental administration is a class A misdemeanor," N.Y. Penal Law § 195.05, and driving with excessively tinted windows is a traffic violation, New York VTL § 375(12-a)(b)(2); *id.* § 1800(a).

5

'obvious injustice' by a court's failure to consider a meritorious, but otherwise abandoned, argument" (quotation omitted)).

## CONCLUSION

For the foregoing reasons, I grant defendants' motion for reconsideration and grant summary judgment on plaintiff's § 1983 malicious prosecution claim related to defendants' prosecution of plaintiff for excessively tinted windows.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:     May 24, 2024
           Brooklyn, New York

6