UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS CARABALLO,

      *Plaintiff*,

-against-

DETECTIVE KAISER SURRIGA, DETECTIVE WAYNE COSTELLO, and DETECTIVE ROBERT DIFALCO,

      *Defendants*.

21-CV-285 (ARR) (VMS)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

  Defendants Detectives Kaiser Surriga, Wayne Costello, and Robert DiFalco bring this motion requesting that I grant summary judgment on plaintiff's remaining claims because plaintiff signed a general release in an unrelated case. Defs.' Mem. Supp. Mot. Summ. J. 1 ("Defs.' Mem."), ECF No. 70. For the following reasons, I grant defendants' motion for summary judgment.

## BACKGROUND

  Familiarity with the facts and procedural history of this case is presumed. In short, this case arises out of the arrest and prosecution of plaintiff, Thomas Caraballo, "following allegations that he committed multiple traffic violations, refused to comply with defendants' orders, and possessed illegal narcotics." *Caraballo v. City of New York*, No. 21-CV-285 (ARR), 2024 WL 1332609, at *1 (E.D.N.Y. Mar. 28, 2024), *on reconsideration in part sub nom. Caraballo v. Surriga*, No. 21-CV-285 (ARR), 2024 WL 2701644 (E.D.N.Y. May 24, 2024). Mr. Caraballo was charged with obstruction of governmental administration, resisting arrest, parking within fifteen feet of a fire hydrant, excessively tinted windows, and criminal possession of a controlled substance. *Id.* at *2. By December 2020, all the charges against Mr. Caraballo were dropped. *Id.* In January 2021, he filed a § 1983 lawsuit against defendants making claims of: (1) false arrest/imprisonment; (2)

malicious prosecution; (3) malicious abuse of process; (4) denial of the right to a fair trial; (5) excessive use of force; and (6) failure to intervene. *Id*. The excessive use of force and the failure to intervene claims are plaintiff's only surviving claims. *Id.* at *22; 2024 WL 2701644, at *3.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotation omitted); *see also* Fed. R. Civ. P. 56. It is the moving party's burden to demonstrate that no genuine issues of material fact exist. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). If the movant meets this burden, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation and emphasis omitted). The reviewing court must "examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant." *Marvel*, 310 F.3d at 286. Further, it is not the role of the district court to "resolve disputed questions of fact"; instead, the court must only determine "whether, as to any material issue, a genuine factual dispute exists." *Rupp v. Buffalo*, 91 F.4th 623, 634 (2d Cir. 2024) (quotation and emphasis omitted). Summary judgment is appropriate only where no such issue exists and "there can be but one reasonable conclusion as to the verdict." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

## DISCUSSION

Defendants assert that I should grant summary judgment dismissing plaintiff's remaining claims because he signed a general release in an unrelated matter which barred him from bringing

the claims in the instant case. Defs.' Mem. 1. On August 17, 2023, plaintiff settled claims with the City of New York in an unrelated case. *See* Defs.' Rule 56.1 Statement ¶ 1, ECF No. 69; *see also* Decl. Gregory Accarino Supp. Defs.' Mot. Summ. J. ("Accarino Decl."), Ex. B, ECF No. 68-2; *id.*, Ex. C. ("Stipulation Settlement"), ECF No. 68-3.[1] As part of the settlement agreement in the unrelated matter, plaintiff signed a general release in which he forfeited "all . . . state and federal civil rights claims [that he] . . . now has, or hereafter can, shall, or may have . . . against [the City of New York and its employees for any action] that occurred through the date of [the] release." Defs.' Rule 56.1 Statement ¶ 2; *see also* Accarnio Decl., Ex. A ("General Release"), ECF No. 68-1; Stipulation Settlement 1 (indicating that as part of the settlement plaintiff was required to deliver to the City an executed general release).[2] Plaintiff admits that he signed such a release. Pl.'s Rule

---

[1] Plaintiff denies defendants' assertion that he "settled his claims with the City of New York in an action filed in Queens County Civil Court." Pl.'s Rule 56.1 Statement ¶ 1, ECF No. 72. Plaintiff instead contends that he "never settled his matter filed under 21-CV-285." *Id.* Defendants do not contend, however, that plaintiff settled case 21-CV-285, which is the matter I am currently adjudicating; defendants only assert that plaintiff settled his other, unrelated matter, which plaintiff appears to admit. *Id.* ("Plaintiff, instead settled a small claims matter involving a City owned sanitation truck that struck his parked and unoccupied motor vehicle."). I therefore deem fact one in defendants' Rule 56.1 Statement of Facts as admitted. *See* Defs.' Rule 56.1 Statement ¶ 1.

[2] The relevant portion of the general release reads, in full, as: "Thomas Carabello [sic], the plaintiff in the action entitled Thomas Carabello [sic] vs. The City of New York, Civil Court, Queens County Index # 000921-2022, as 'RELEASOR,' in consideration of the payment of Eighteen hundred & sixteen 86/100 Dollars ($1,816.86), receipt whereof is hereby acknowledged, does hereby release and forever discharge the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES", from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which RELEASOR had, now has, or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or by reason of any matter, cause, or thing whatsoever that occurred through the date of this RELEASE. This RELEASE and settlement constitute complete payment and satisfaction for all damages and injuries, including all claims for costs, expenses, attorney's fees, and disbursements." General Release 1.

56.1 Statement ¶ 2.

Settlement agreements and general releases must be construed according to the general principles of contract law because both are types of contracts. *See Metwally v. City of New York*, No. 19-CV-8206, 2023 WL 2808215, at *3 (S.D.N.Y. Apr. 6, 2023). Under the law in New York, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Reynolds v. Nazim*, No. 18-CV-2771 (EK), 2021 WL 950054, at *2 (E.D.N.Y. Mar. 12, 2021) (quotation omitted). A court cannot consider extrinsic evidence to interpret an unambiguous contract. *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009). Whether a contract is ambiguous is a question of law for the court and "[a]mbiguity is determined by looking within the four corners of the document, not to outside sources." *Id.* at 396 (quoting *Kass v. Kass*, 673 N.Y.S.2d 350, 356 (1998)). If contract language has a "definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion," then it is unambiguous on its face. *Id.* (quoting *Breed v. Ins. Co. of N. Am.*, 413 N.Y.S.2d 352, 355 (1978)).

Many courts in this circuit have determined that the language used in this general release, and in similar general releases, is not ambiguous. *See, e.g.*, *Reynolds*, 2021 WL 950054, at *1–2; *Staples v. Officer Acolatza*, No. 14-CV-3922, 2016 WL 4533560, at *2–3 (S.D.N.Y. Mar. 9, 2016) (determining that a general release that used similar language to the general release in this case was not ambiguous and collecting other cases drawing the same conclusion). I agree. The general release in this case clearly lists the relevant parties, specifies which claims or potential claims Mr. Caraballo must forfeit, and indicates the period of time that it covers. *See* General Release (listing "Thomas Carabello [sic]" as the releasor and "the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and

4

representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York" as the releasees); *id.* (discharging the releasees from "any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages" which the releasor "now has, or hereafter can . . . have . . . against the releasees for . . . any matter . . . whatsoever that occurred through the date of this release [August 1, 2023]"). Because the general release in this case is unambiguous, I must enforce it pursuant to its plain terms. *See Reynolds*, 2021 WL 950054, at *2.

The instant case clearly falls within the scope of the general release. The release covers defendants, three detectives for the New York City Police Department ("NYPD"), because, as detectives for the NYPD, they are "employees" of the City of New York. *Id.* at *2; *see also* Compl. ¶ 9, ECF No. 1. The release also captures Mr. Caraballo's remaining claims for excessive use of force and failure to intervene because both claims were brought pursuant to 42 U.S.C. § 1983, a federal civil rights law. Compl. ¶¶ 53–58, 80–83. Finally, the general release required Mr. Caraballo to forfeit claims that he had already brought or could have brought by August 1, 2023. General Release. Mr. Caraballo filed the claims in this case on January 19, 2021, and the claims in this case were based on events that occurred in January 2019; both dates are well before August 2023. Compl. 12. For these reasons, I find that Mr. Caraballo is bound by the general release. He is therefore barred from bringing the remaining claims in this case.

None of Mr. Caraballo's arguments to the contrary are persuasive. He first contends that the general release is ambiguous because the phrase "Property Damage Case" appears at the top of the general release. Pl.'s Mem. in Opp. Mot. Summ. J. 3–6 ("Pl.'s Opp'n"), ECF No. 73; General Release. This header does not make the general release's clear, broad language ambiguous; the

5

header instead simply clarifies that the general release is associated with a property damage case, which, as plaintiff points out, was the nature of the unrelated action. Pl.'s Opp'n 2. Plaintiff next argues that the general release is ambiguous because it bars all claims, whereas the stipulation of settlement[3] clearly states that only "this" action, meaning the unrelated action, is settled. *Id.* at 3–6. He also asserts, without explaining why, that the language referring to "this" action in the settlement agreement "preclude[s] the agreement from being used in [the instant case]." *Id.* at 3. By advancing this argument, plaintiff disregards the rule that precludes me from turning to extrinsic evidence when a contract is unambiguous; contrary to this established law he instead asserts that I should use extrinsic evidence to create an ambiguity. Even if I were to consider the stipulation of settlement, its reference to "this" action does not create an ambiguity or preclude application of the release in this case. Stipulation Settlement 1. In addition to settling the unrelated matter, the stipulation also requires, as an independent term of the settlement, that Mr. Caraballo execute the separate general release. *Id.* Nothing in the stipulation of settlement suggests that the general release should be read more narrowly than its plain language requires. *Id.*

---

[3] In addition to the stipulation of settlement, Mr. Caraballo refers to an "Affidavit Upon Default." Pl.'s Opp'n 3. It is not clear to me: (1) which document in plaintiff's submission is the affidavit upon default; (2) whether such a document has been filed; or (3) whether such a document is distinct from the stipulation of settlement. *See* Decl. of Jason Lesnevec Opp'n to Mot. Summ. J. ¶¶ 2–5 (listing the exhibits as the complaint, notice of claim and summons to appear, stipulation of settlement, and the general release, but making no reference to an affidavit upon default). Regardless, plaintiff references the affidavit upon default only in conjunction with the stipulation of settlement and does not use the affidavit upon default to make any independent argument. *See* Pl.'s Opp'n 3–4. As a result, his arguments regarding the affidavit of default are unpersuasive for the same reasons that his arguments regarding the stipulation of settlement are unpersuasive.

## CONCLUSION

For the foregoing reasons, I grant defendants' motion for summary judgment. The Clerk of the Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:      August 1, 2024
            Brooklyn, New York