**MANDATE**

24-2051-cv
Caraballo v. City of New York et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

Thomas Caraballo,

> *Plaintiff-Appellant,*

v.                                                                  No. 24-2051-cv

City of New York, Detective Kaiser Surriga, Detective Wayne Costello, Detective Robert DiFalco,

MANDATE ISSUED ON 06/09/2025

*Defendants-Appellees.*\*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Brian J. Isaac, Kenneth J. Gorman, Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Richard Dearing, Doborah A. Brenner, Geoffrey E. Curfman, *of Counsel*, Muriel Goode-Trufant, *Corporation Counsel of the City of New York*, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 2, 2024 judgment is **AFFIRMED**.

Thomas Caraballo sued the City of New York and three of its employees, Detectives Kaiser Surriga, Wayne Costello, and Robert DiFalco, in January 2021 under 42 U.S.C. § 1983 in the Eastern District of New York for claims arising out of a January 2019 arrest. While discovery was being conducted, Caraballo filed a notice of claim against the City of New York in state small claims court. The City and Caraballo settled that case and, in that process, executed, among other things,

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

a General Release, pursuant to which, in exchange for $1,816.86, "Carabello [*sic*] . . . release[d] and forever discharge[d] the City of New York, and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York . . . from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which" Caraballo "had, now has, or hereafter can, shall, or may have, either directly or through subrogees or other third persons . . . upon or by reason of any matter, cause, or thing whatsoever that occurred through the date of" the release.  App'x at 22.

Later, in federal court, the City and the Detectives filed a motion for summary judgment, but did not raise the General Release as a defense. The District Court granted the motion in part, among other things, dismissing Caraballo's claims against the City entirely. On July 2, 2024, however, the Detectives moved to hold a pre-motion conference regarding an anticipated second motion for summary judgment pursuant to the General Release, which the Detectives' attorney averred to having just discovered while preparing a list of impeachment exhibits. Over Caraballo's objection, the District Court considered

3

the second motion for summary judgment, which it granted. Caraballo timely appealed. We assume the parties' familiarity with the other relevant facts, procedural history, and issues on appeal.

As a preliminary matter, we conclude that the District Court did not abuse its discretion in permitting a second motion for summary judgment. "[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004). We have held that it may be an abuse of discretion to permit a second dispositive motion if the arguments in the second motion could have been brought into the first. *Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012). But here the discovery of the General Release meant "Appellees had reason to move again for summary judgment[.]" *Id.* And insofar as the *City* was on notice of the General Release the moment it was signed, it is unclear why the *Detectives*—who were the only defendants remaining in the suit by this point—were. Given these circumstances, it was no abuse of discretion to permit a second motion for summary judgment.

We turn to the merits and conclude that the District Court did not err in granting summary judgment in light of the release.

Under New York law, "a written agreement that is complete, clear and

4

unambiguous on its face must be enforced according to the plain meaning of its terms[.]" *Greenfield v. Philles Recs., Inc.*, 98 N.Y.2d 562, 569 (2002). When determining whether a contract is ambiguous, "language should not be read in isolation because the contract must be considered as a whole[.]" *Brad H. v. City of New York*, 17 N.Y.3d 180, 185 (2011). We agree with the District Court that the General Release is not ambiguous as a matter of New York law and that its plain terms release the Detectives from this suit.

Here, the General Release "release[d] and forever discharge[d] the City of New York, and all past and present . . . employees . . . of the City of New York . . . from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which" Caraballo "had, now has, or hereafter can, shall, or may have, either directly or through subrogees or other third persons . . . upon or by reason of any matter, cause, or thing whatsoever that occurred through the date of" the release. App'x at 22. We have had several occasions to interpret virtually identical language in general releases crafted by the City of New York. Each time, we have summarily affirmed the grant of a dispositive motion where claims in one action were released based on a general

release signed in a separate action. *See Mateo v. Carinha*. 799 F. App'x 51, 52–54 (2d Cir. 2020), *Valdiviezo v. Greer*, 787 F. App'x 48 (2d Cir. 2019); *Walker v. Corizon*, 764 F. App'x 78 (2d Cir. 2019); *Fernandez v. City of New York*, 502 F. App'x 48 (2d Cir. 2012); *Tromp v. City of New York*, 465 F. App'x 50 (2d Cir. 2012)). New York's courts have reached similar results. *Smith v. City of New York*, 236 A.D.3d 414, 416 (1st Dep't 2025). It is undisputed that the arrest giving rise to the underlying claims occurred before the signing of the release. It is also undisputed that the underlying claims are federal civil rights claims. And it is also undisputed that the Detectives are New York City employees.

Many of Caraballo's arguments venture beyond the writing's four corners. But under New York law, we are obliged to consider only *intrinsic* evidence of ambiguity. *Brad H.*, 17 N.Y.3d at 186. The primary such evidence Caraballo raises is the General Release's subtitle: "Property Damage Case." App'x at 22. This does not make the contract reasonably susceptible to Caraballo's preferred interpretation. This subtitle merely points to which case is being settled. Read in context, there is no reason think the subtitle circumscribes the *general* language of the *General* Release. Similarly, Caraballo points to the portion of the document that describes the releasor as "Thomas Carabello [*sic*], the plaintiff in the action

6

entitled Thomas Carabello vs. The City of New York, Civil Court, Queens County" and includes the index number of that case. App'x at 22. The inclusion of this caption in the text of the Release does not change the result: in context, it is plainly meant to identify Caraballo as the releasor, not to limit the scope of the release. In light of the unambiguous text of the General Release, the District Court did not err in granting summary judgment in favor of the Defendants.

Especially given that Caraballo was *pro se* in reviewing and signing the General Release, we fully understand that he might not have *actually* understood it to cover his pending federal claims. Nonetheless, New York law proscribes such considerations. *LeMay v. H.W. Keeney, Inc.*, 508 N.Y.S.2d 769, 770 (4th Dep't 1986) ("Where, as here, the language of a release is clear, effect will be given to the intention of the parties as indicated by the language employed and the fact that one of the parties may have intended something else is irrelevant.").

We have considered Caraballo's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7